IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLESTER BILLS,   )   )   Plaintiff,   )   )<br>vs.   )<br>   )<br>STATE OF OKLAHOMA;   )<br>CITY OF TULSA,   )<br>   )<br>   Defendants.   ) | Case No. 05-CV-450-JHP-FHM |

## ORDER

On August 8, 2005, Plaintiff, a prisoner appearing *pro se*, filed a civil complaint (Dkt. # 1) asserting jurisdiction under 42 U.S.C. § 1983. Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff names as Defendants the State of Oklahoma and the City of Tulsa. According to Plaintiff, Defendants took his two vehicles, a Ford pickup truck and an El Dorado Cadillac, because he refused to sell them. See Dkt. # 1. In his request for relief, Plaintiff instructs "make check and properly payable to Sir Clester Bills in the sum of $100,000 (sic) one million dollars." Id.

After reviewing Plaintiff's litigation history in this District Court, the Court finds that Plaintiff's motion for leave to proceed *in forma pauperis* shall be denied. Title 28 U.S.C. § 1915(g), as amended by the Prison Litigation Reform Act ("PLRA"), generally prevents a prisoner from proceeding *in forma pauperis* in any civil action or appeal, if, on three or more prior occasions, the prisoner has brought an action or an appeal which has been dismissed as frivolous or malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); see also Green v. Nottingham, 90 F.3d 415, 418

(10th Cir. 1996). Records from this Court indicate that Plaintiff has had more than three civil actions dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted after being granted leave to proceed *in forma pauperis*. See, e.g., Bills v. Randle, et al., 97-CV-1131-TRB; Bills v. Glanz, et al., 94-CV-1168-TCK; Bills v. United States Federal Court, et al., 94-CV-477-JOE; and Bills v. Whitman, et al., 94-CV-491-JOE.[1]

Accordingly, Plaintiff has three "prior occasions" under § 1915(g), and, unless he is in imminent danger of serious physical injury, he cannot proceed with this action under the *in forma pauperis* provisions. See Young v. Miller, 144 F.3d 1298 (10th Cir. 1998). Plaintiff's claims do not involve imminent danger of serious physical injury and he does not fall under the exception. Therefore, the Court finds Plaintiff's motion for leave to proceed *in forma pauperis* shall be denied. To avoid dismissal of this action, Plaintiff must pay the full filing fee of **$250.00** within twenty (20) days of the entry of this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **denied** pursuant to 28 U.S.C. § 1915(g).

2. Within twenty (20) days of the entry of this Order, or by September 6, 2005, Plaintiff must pay the full **$250.00** filing fee.

3. Failure to pay the filing fee within 20 days shall result in the dismissal of the complaint without prejudice.

---

[1] The Court also takes judicial notice that this is the sixth separate civil rights complaint filed by Plaintiff since June 25, 2005. See N.D. Okla. Case Nos. 05-CV-416-JHP, 05-CV-417-JHP, 05-CV-418-CVE, 05-CV-419-JHP, and 05-CV-420-JHP.

SO ORDERED THIS 17th day of August 2005.

James H. Payne
United States District Judge
Northern District of Oklahoma